**COSTELLO & MAINS, P.C.**
By: Deborah L. Mains
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
 (856) 727-9700
Attorneys for Plaintiff

| | | |
|---|---|---|
| KALPESH PATEL, | : | UNITED STATES DISTRICT COURT |
| | : | DISTRICT NEW JERSEY |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| vs. | : | |
| | : | DOCKET NO. |
| | : | |
| METASENSE, INC. and JOHN DOES 1-5 AND 6-10, | : | **Electronically filed** |
| | : | |
| | : | **COMPLAINT AND JURY DEMAND** |
| Defendants. | : | |

Plaintiff Kalpesh, by way of complaint against the defendant, says:

### Preliminary Statement

This action is brought by plaintiff to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. Sec. 201, et seq. ("FLSA"), including denial of overtime and retaliatory discharge.

### Jurisdiction and Venue

Jurisdiction of the Court is invoked pursuant to 29 U.S.C. Sec. 216(b), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1332.

Because defendants are residents of the district of New Jersey, venue is proper within this district pursuant to 28 U.S.C. Sec. 1391.

1

**Identification of Parties**

1.Plaintiff Kalpesh Patel resides at 19 W. Chestnut Street, Lancaster, PA 17603. At all pertinent times herein, plaintiff was employed by defendant.

2.Defendant MetaSense, Inc. ("MI") is a business entity engaged in the business of staffing for web design and IT projects and is an employer within the meaning of 29 USC Sec. 203(d).   MI maintains its principal place of business at 403 Commerce Lane, West Berlin, NJ 08091.

3.Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the plaintiff in this matter.

**General Allegations**

4.Plaintiff was employed by MI as a recruiter from on or about September 14, 2013 through on or about January 8, 2014, earning $15.00 per hour..

5.On or about January 9, 2014, plaintiff was placed into another position, as a Resource Specialist, earning $20.00 per hour.   Plaintiff remained employed as a Resource Specialist until on or about October 16, 2014, when he was terminated by MI.

6.During the entirety of his employment, plaintiff was an hourly paid employee, thus not exempt from the overtime requirements of the FLSA.

7.During the course of his employment, plaintiff worked approximately 50 hours per week.

8.Because plaintiff is not in possession of his time records, he can only provide an estimate of hours worked, as set forth above.

9. From the time of his hire until approximately the beginning of February 2014, plaintiff was paid overtime for at least some of the hours worked in excess of 40 per week.

10. However, starting in or around February 2014, MI ceased paying plaintiff overtime for any hours worked in excess of 40 per week.   Plaintiff was advised that MI was having "cash flow" problems.

11. From February 2014 until his termination, plaintiff did not receive any overtime pay for hours worked in excess of 40 per week.

12. Between February 2014 and the time of his termination, plaintiff repeatedly and regularly requested that he be paid overtime due to him.

13. Plaintiff's complaints about not receiving overtime pay were directed to Jatin Mehta, the President of MI and to Vice Presidents Yogesh and Gopal Patel.

14. On or about October 9, 2014, plaintiff emailed Jatin Mehta again requesting the overtime pay due to him.

15. Plaintiff emailed Mehta again on October 10 and 13 regarding his overtime pay.

16. On October 9, 2014, after receiving plaintiff's email, Mehta advised plaintiff by email that plaintiff would no longer be permitted to telecommute for two days a week, as he had been permitted to do since May 2014.

17. On October 10, 2014, plaintiff was also directed to turn over all of his log in and password information to all MI accounts and systems.

18. On October 13, 2014, plaintiff was directed to turn over the log in and password information for his workstation computer.

19. Plaintiff, concerned that turning over passwords could compromise personal and private information of his that could be accessed through his workstation, declined to turn over his password to Mehta.

20. On October 15, 2014, Mehta sent an email to plaintiff claiming that plaintiff had been "overpaid" since January 2014, a patently false statement, in light of the raise plaintiff received when he became a Resource Specialist on or about January 9, 2014.

21. Plaintiff was terminated on October 16, 2014.

22. Upon information and belief, a determinative or motivating factor in the decision to terminate plaintiff was his complaint of not receiving overtime compensation.

## COUNT I

### FLSA Violation – Failure to Pay Overtime

23. Plaintiff hereby repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff, during the course of his employment, regularly worked more than forty hours in a work week.

25. Defendant failed to pay plaintiff overtime compensation for hours worked in excess of forty in a work week.

26. Defendant, by the above acts, has violated 29 U.S.C. Sec. 207.

27. Said violations have been willful within the meaning of 20 U.S.C. Sec. 255(a).

**WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the FLSA;

  (b) declaring that the acts and practices complained of herein are willful violations within the meaning of 29 U.S.C. Sec. 255(a);

  (c) enjoining and restraining permanently the violations alleged herein, pursuant to 29 U.S.C. Sec. 217;

  (d) directing defendants to make plaintiff whole for all unpaid overtime and minimum wages due as a consequence of defendants' violation of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

  (e) directing defendants to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

  (f) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

  (g) granting such other and further relief as this Court deems necessary and proper.

## COUNT II

### Violation of the FLSA - Retaliation

  28. Plaintiff hereby repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

  29. Plaintiff complained to his employer that he was not receiving overtime compensation due to him.

  30. Plaintiff was terminated in retaliation for making that complaint, in violation of the FLSA.

  **WHEREFORE**, plaintiff respectfully requests that this Court enter a judgment;

(a) declaring that the acts and practices complained of herein are in violation of the NJWHL;

(b) directing defendant to make plaintiff whole for all compensatory damages arising from his retaliatory discharge, together with interest thereon;

(c) directing defendant to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(d) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

(e) granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

**COSTELLO & MAINS, P.C.**

By: \_\_\_\_/s/ Deborah L. Mains_____
       Deborah L. Mains
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
856-727-9700
dmains@costellomains.com

Attorneys for Plaintiffs

Dated: January 2, 2015


(a) declaring that the acts and practices complained of herein are in violation of the NJWHL;

(b) directing defendant to make plaintiff whole for all compensatory damages arising from his retaliatory discharge, together with interest thereon;

(c) directing defendant to pay plaintiff an additional amount of liquidated damages as provided for in 29 U.S.C. Sec. 216(b);

(d) awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided in 29 U.S.C. Sec. 216(b); and

(e) granting such other and further relief as this Court deems necessary and proper.

Respectfully submitted,

**COSTELLO & MAINS, P.C.**

By: \_\_\_\_/s/ Deborah L. Mains_____
    Deborah L. Mains
18000 Horizon Way, Suite 800
Mt. Laurel, New Jersey 08054
856-727-9700
dmains@costellomains.com

Attorneys for Plaintiffs

Dated: January 2, 2015

**DEMAND FOR A TRIAL BY JURY**

Plaintiff, by and through his above-signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury on all Counts in the above-captioned action.

**COSTELLO & MAINS, P.C.**

By:   /s/ Deborah L. Mains
       Deborah L. Mains

**DESIGNATION OF TRIAL COUNSEL**

Deborah L. Mains, Esquire, of the law firm of Costello & Mains, P.C., is hereby-designated trial counsel.

**COSTELLO & MAINS, P.C.**

By:   /s/ Deborah L. Mains
       Deborah L. Mains

**DEMAND TO PRESERVE EVIDENCE**

1. All defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to plaintiff's employment, to plaintiff's cause of action and/or prayers for relief, to any defenses to same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, twitter, MySpace, etc.), and any other information

and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.

2.Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

**COSTELLO & MAINS, P.C.**

By: /s/ Deborah L. Mains
Deborah L. Mains