UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| KALESH PATEL, | : | |
| Plaintiff, | : | Civ. No. 15-004 (NLH/JS) |
| v. | : | OPINION |
| METASENSE, INC. and JOHN DOES 1-5 AND 6-10, | : | |
| Defendants. | : | |

**APPEARANCES:**

COSTELLO & MAINS, P.C.
By: Deborah L. Mains, Esq.
18000 Horizon Way, Suite 800
Mount Laurel, New Jersey 08054
    Counsel for Plaintiff

PENBERTHY & PENBERTHY, PC
By: John C. Penberthy, III, Esq.
2020 Springdale Road, Suite 400
Cherry Hill, New Jersey 08003
    Counsel for Defendants

**HILLMAN**, United States District Judge:

    This suit concerns alleged violations of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). Plaintiff Kalesh Patel ("Patel") brings these claims against Defendant MetaSense, Inc. ("MetaSense") and its agents, John Does 1-5 and 6-10, alleged to be unknown agents of MetaSense. Presently before the Court are Patel's Motion for a Hearing to Determine the Amount of Default Judgment ("Plaintiff's Motion"

1

or "Pl.'s Mot.") [Dkt. No. 5] and MetaSense's Motion to Vacate Default and Dismiss ("Defendant's Motion" or "Def.'s Mot.") [Dkt. No. 6].  For the reasons set forth below, Plaintiff's Motion will be denied and Defendant's Motion will be denied in part and granted in part.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The following facts are recited in the Complaint [Dkt. No. 1] unless otherwise noted.  Patel was employed by MetaSense from on or about September 14, 2013 until his termination on October 16, 2014.  (Compl. ¶¶ 4-5.)  Patel initially earned $15.00 an hour, and beginning on or about January 9, 2014, Patel began earning $20.00 an hour.  (Compl. ¶¶ 4-5.)  For the entire period of his employment, Patel was a salaried, non-exempt employee.  (Compl. ¶ 6).  Additionally, Plaintiff alleges that he worked approximately 50 hours each week, but does not have access to the necessary time records to provide an accurate number of hours he worked each week.  (Compl. ¶¶ 7-8.)

At some point in the beginning of February 2014, MetaSense stopped paying Patel overtime due to a "cash flow" problem, and did not resume paying Patel overtime through the time of his termination.  (Compl. ¶¶ 10-11.)  Patel made numerous, repeated requests to MetaSense's President, Jatin Mehta ("Mehta"), as well as MetaSense's Vice Presidents regarding failure to pay him

overtime. (Compl. ¶¶ 13-15.) On October 9, 2014, Patel was informed by Mehta that he would no longer be permitted to telecommute to work and was subsequently directed to turn over all of his log in and password information for all MetaSense accounts, systems, and workstations. (Compl. ¶¶ 16-18.) Patel declined to comply with this request. (Compl. ¶ 19.) On October 15, 2014, Mehta emailed Patel to inform him that he had been overpaid since January 2014, and Patel was terminated the next day. (Compl. ¶¶ 20-21.)

As the pending motions both relate to default, the procedural history is also relevant to this Court's analysis of the instant motions. Patel commenced the instant action on January 6, 2015 by filing a complaint with this Court. (See generally Compl.; Mains Cert. on Default J. [Dkt. No. 5-1] ¶ 2.) The Summons and Complaint were personally served on Mehta as an agent of MetaSense on January 13, 2015. (Mains Cert. on Default J. ¶¶ 3-4; Affidavit of Service [Dkt. No. 4].) MetaSense was required to respond or otherwise move by February 3, 2015, see Fed. R. Civ. P. 12(a)(1)(A)(i), and failed to do so. Patel requested default to be entered against MetaSense on April 15, 2015 pursuant to Federal Rule of Civil Procedure 55(a) for failure to plead or otherwise defend. (See Pl.'s Request for Default [Dkt. No. 3].) The Clerk then entered default against

3

MetaSense on April 16, 2015.  (See Clerk's Docket Entry of April 16, 2015.)

Plaintiff's Motion seeking a hearing to determine the amount of default judgment to be entered against MetaSense pursuant to Federal Rule of Civil Procedure 55(b)(2) was then filed on August 13, 2015, and set for a motion date of September 8, 2015.  (See Clerk's Docket Entry of August 13, 2015.)  Under the Local Rules, opposition to Plaintiff's Motion would have been due on August 25, 2015.  See L.Civ.R. 7.1(d)(2).  No opposition was filed.

Subsequently, on October 14, 2015, Defendant filed a motion seeking to vacate the entry of default pursuant to Federal Rule of Civil Procedure 55(c) and also apparently seeking dismissal under Federal Rule of Civil Procedure 12(b)(6).

## II.  JURISDICTION

Patel brings claims at least under the FLSA.[1]  Accordingly, this Court exercises federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

---

[1] There is language in the Complaint that indicates Patel may also be seeking relief under the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11–56a, et seq.  (See Compl. ¶ 30(a).) If this is indeed the case, this Court would exercise supplemental jurisdiction over the NJWHL claims pursuant to 28 U.S.C. § 1367.

4

**III. STANDARD**

    **A.    ENTERING DEFAULT JUDGMENT UNDER RULE 55(B)(2) AND VACATING AN ENTRY OF DEFAULT UNDER RULE 55(C)**

Entry of default judgment requires two steps - first, the Clerk must enter default under Rule 55(a), and then either the Clerk or the Court may enter default judgment under Rule 55(b). See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 521 n.1 (3d Cir. 2006) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).") (quoting 10A Wright, Miller & Kane, Fed. Prac. & Proc. Civ. § 2682 at 13 (3d ed. 1998)).  When default has been entered and before default judgment has been entered, "[t]he court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c).  "A decision to set aside an entry of default . . . 'is left primarily to the discretion of the district court.'" Bailey v. United Airlines, 279 F.3d 194, 204 (3d Cir. 2002) (quoting Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984)).

The same standard is used when determining whether to enter default judgment under Rule 55(b) or set aside an entry of default under Rule 55(c).  See Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (discussing the standard for entering default judgment and citing United States v. $55,518.05 in U.S.

Currency, 728 F.2d 192, 195 (3d Cir. 1984), which discusses the standard for setting aside an entry of default).[2]  In either situation, the Court must consider three factors:  "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct."  Id. (citing $55,518.05 in U.S. Currency, 728 F.2d at 195).  In conducting this analysis, the Court must also consider that default judgments are generally disfavored in the Third Circuit, as they prevent claims from being determined on the merits.  See Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008) (citing $55,518.05 in U.S. Currency, 728 F.2d at 194–95).

**B. DISMISSING A COMPLAINT UNDER RULE 12(B)(6)**

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that make a right to

---

[2] Judge Rendell in Hill v. Williamsport Police Dep't, 69 F. App'x 49 (3d Cir. 2003), raised the concern that subjecting both entering default judgment and setting aside entry of default to the identical standard may be inappropriate.  69 F. App'x at 52–53 (Rendell, J., concurring).  However, her concern was that plaintiffs were held to too high of a standard in attempting to obtain default judgment where no defendant had moved to set aside default or otherwise answered.  Id.  That is not the case here.

relief more than speculative. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Fed. R. Civ. P. 8(a)(2).

While a court must accept all allegations in the plaintiff's complaint as true, viewing them in the light most favorable to the plaintiff, Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast as factual allegations. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. Phillips, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## IV. DISCUSSION

The instant motions present two distinct issues: (1) the entering of default judgment, or conversely, the setting aside of an entry of default; and (2) dismissal of the complaint as barred by claim preclusion or issue preclusion. The Court will address each in turn.

A.      DEFAULT AND DEFAULT JUDGMENT

Plaintiff's Motion is more accurately described as a notice of motion requesting a hearing and an accompany certification of Patel's Counsel laying out the procedural history and establishing that there are complicated issues for determining an amount of damages that require the intervention of the Court in setting damages.  (See generally Pl.'s Mot.; Mains Cert. on Default J.)  Without the intervening motion from MetaSense, the request would have been granted, a hearing on proofs and damages would have been held, and then the factors for granting default judgment would have become relevant.  However, the intervening motion changes that.  As a result, the Court must primarily determine whether it is appropriate to set aside the entry of default, rather than actually evaluating the appropriateness of entering default judgment for Patel.

In evaluating the three factors for vacating entry of default, as explained below, the Court concludes that Defendant's Motion must be granted with respect to the request for vacating entry of default.[3]  The Court will consider the two

---

[3] Of important note here is that the actual moving papers filed by MetaSense are wholly inadequate.  The "motion" is an unsworn series of averments by counsel for MetaSense that address none of the factors for vacating judgment, but rather asserts a res judicata defense as an apparent excuse for failing to reply to any action taken in this Court.  (Def.'s Mot. ¶¶ 1–9.)  Further, it is apparent that counsel failed to even consult the docket in crafting the motion, as the relief requested is to "Strike the

8

factors in dispute.[4]  The most important of the factors to be considered is whether the defendant has a litigable or meritorious defense.  See Reed v. N.J. State Police, Civ. No. 15-1305 (NLH/JS), 2015 WL 5821965, at *1 (D.N.J. Oct. 2, 2015) (citing Nat'l Specialty Ins. Co. v. Papa, Civ. No. 11-2798 (RMB/KMW), 2012 WL 868944, at *2 (D.N.J. Mar. 14, 2012)).  Thus, the Court will analyze this factor first.

### 1.   Meritorious or Litigable Defense

The Court determines that MetaSense has a meritorious or litigable defense.  "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'"  $55,518.05 in U.S. Currency, 728 F.2d at 195 (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)).  "[S]imple denials or conclusory statements" by the

---

Judgment if one has been entered." (Def.'s Mot. ¶ 10.)  A cursory review of the docket would have revealed to counsel that no judgment had been entered. Additionally, the procedural facts as recited in Defendant's Motion are incorrect, as conceded by MetaSense in its reply brief.  (See Def.'s Mot. ¶¶ 1-2; Def.'s Reply [Dkt. No. 9] at 1.)  The first attempt at any explanation for failure to reply is only provided in Defendant's Reply Brief.  Counsel for MetaSense is directed to review L.Civ.R. 7.1 and 7.2 and in the future to comply with them as well as all other applicable Local Civil Rules.

[4] Patel has stipulated that there is no prejudice to him should default be vacated. (See Pl.'s Opp. [Dkt. No. 7] at 3.) Patel's Opposition is not paginated, so any page number references are to those issued by the CM/ECF system.

9

defaulting party are insufficient to show a meritorious defense. Id. "While the defaulting party need not prove that it will win at trial, it must raise a defense that is meritorious on its face." Pooler v. Mrs. Kurbitis Realty, LLC, Civ. No. 14-429 (WHW/CLW), 2015 WL 5897455, at *2 (D.N.J. Oct. 7, 2015) (citations omitted).

Construing MetaSense's moving papers broadly, MetaSense appears to assert that it has res judicata defenses - both claim preclusion and issue preclusion - based on a hearing conducted in front of the Pennsylvania Unemployment Compensation Board of Review ("the Board"). (See Def.'s Mot. ¶¶ 4-8; Def.'s Reply at 2.)[5] Specifically, the preclusion argument is based on (1) a finding by the referee that Patel was terminated for cause and not for retaliation for requesting overtime; and (2) admissions by Patel during the hearing that he was the individual responsible for payroll and that he did not request any overtime until Mehta asked for his passwords. (Def.'s Reply. at 2.) MetaSense alleges specific facts by asserting that the prior

---

[5] For the purposes of treating Defendant's Motion as one to vacate an entry of default, the Court will generally consider the "Certification" of Jatin Mehta [Dkt. No. 6-1], filed as an attachment to Defendant's Motion, without ascribing to it much weight or value. The "certification" is unsigned, rendering its averments unsworn, and thus of little use to this Court. All future affidavits, declarations, and certifications must be signed in accordance with 28 U.S.C. § 1746 and L.Civ.R. 7.2(a) to be considered.

adjudication before the Board bars the instant action. Without deciding the merits of these arguments, the Court finds that these are colorable affirmative defenses that, if established, would constitute a complete defense. Accordingly, this factor weighs in favor of vacating default.

### 2. Culpable Conduct

The Court next considers whether MetaSense's delay in responding to the complaint is due to any culpable conduct on the part of MetaSense. "Culpable conduct surpasses mere negligence, and consists of willful, intentional, reckless or bad faith behavior." S.G. Enterprise, LLC v. Seaboard Paper & Twine, Civ. No. 14-3471 (WHW/CLW), 2015 WL 3630965, at *3 (D.N.J. June 10, 2015) (citing Hritz, 732 F.2d at 1182). "Reckless disregard for repeated communications from plaintiffs and the court . . . can satisfy the culpable conduct standard." Nationwide, 175 F. App'x at 523 (quoting Hritz, 732 F.2d at 1183) (omission in original).

As explained in MetaSense's Reply Brief, counsel for MetaSense was handling issues related to a death in his family at the time approximately one to two weeks after service of the Complaint. (Def.'s Reply at 1–2.)[6] Counsel believed that

---

[6] MetaSense's reply brief is also not paginated. Accordingly, any page number references are to those issued by the CM/ECF system.

11

MetaSense would be obtaining another attorney to handle the issue, and Metasense believed that current counsel was handling the matter.  (Id.)  Failure to respond in a timely manner due to a death in the family has been held not to be culpable conduct by other courts of this district.  See Pooler, 2015 WL 5897455, at *3.

However, this Court does find it troubling that in the intervening nine months, neither counsel nor his client thought it prudent to discuss the matter pending before this Court while being in contact regarding an appeal before the Board.  Further, counsel provides no explanation for why he did not immediately file any papers in response to Patel's Motion for a hearing, which was served on MetaSense by counsel for Patel, or why it took two months for anything to be filed in this Court once Patel's Motion was filed.  Despite these reservations, and especially in light of the Third Circuit's preference for disposing of cases on the merits when practicable, it is unlikely that such conduct could be said to surpass mere negligence, and thus this factor also supports vacating default.

Thus, all three factors weigh in favor of vacating the entry of default.  Accordingly, this court will deny Plaintiff's Motion for a hearing to determine the amount of default and grant Defendant's Motion as to the request to vacate judgment.

B.   **MOTION TO DISMISS**

Defendant's Motion also appears to present the issue of dismissal of the Complaint on the theory that the Complaint - and thus this entire suit - is precluded under both possible theories of res judicata by the prior determination of the Board.  The Court assumes this is being brought as a motion under Rule 12(b)(6) as none of the other grounds in Rule 12(b) apply.  The Court will take judicial notice of the decision of the Board, but will disregard the transcript of the proceedings, as this Court will not convert Defendant's Motion into a one for summary judgment.  See S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd., 181 F.3d 410, 426-27 & n.7 (3d Cir. 1999) (explaining that a court may judicially notice an opinion on a motion to dismiss, but may not examine a transcript to find facts without converting the motion into one for summary judgment) (citing Kauffman v. Moss, 420 F.2d 1270, 1274-75 (3d Cir. 1970)).[7]

---

[7] Similarly, the Court will disregard both the letter from the Berlin Township Police Department [Dkt. No. 6-2] and the pay records [Dkt. No. 6-3].  As to the former, this is not a public record, and so cannot be considered on a motion to dismiss under Rule 12(b)(6).  See Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (permitting consideration on a motion to dismiss of "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" as well as "document[s] integral to or explicitly relied upon in the complaint").  As to the latter, there is an argument that these are explicitly relied upon in the complaint.  (See Compl. ¶ 8.) However, Patel states in the Complaint that he was not in

13

The so-called "Third Circuit Rule" permits affirmative defenses listed in Rule 8(c) such as statute of limitations defenses or preclusion to be raised in a motion to dismiss under Rule 12(b)(6), but "if the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotations omitted); see also Rycoline Prods., Inc. v. C&W Unltd., 109 F.3d 883, 886 (3d Cir. 1997) (clarifying that the Third Circuit Rule applies to claim and issue preclusion defenses).

Regarding MetaSense's argument that the Board decision bars the Complaint, this Court does not find these facts to be apparent on the face of the Complaint. The Complaint does not reference the Board proceedings, nor are the Board proceedings necessarily implicated by the allegations in the Complaint. This is not a finding either way on the ultimate merits of whatever res judicata defense that MetaSense may have; rather, this is a determination that at this juncture with this

---

possession of the records at the time he filed the Complaint, and so he has not actually had the opportunity to review these records. (See id.) Further, these documents have not been certified to be true and correct copies of what they purport to be due to the unsigned certification of Mr. Mehta. Finally, the pay records are not relevant to the res judicata defenses, the only grounds on which Defendant's Motion can be read to be the basis for a motion to dismiss. Accordingly, this Court will not consider these specific documents at this time.

14

procedural vehicle, MetaSense cannot successfully claim res judicata as a basis for failure of Patel to state a claim. Therefore, to the extent Defendant's Motion is one for dismissal on a theory of res judicata, it will be denied without prejudice to renew as a motion for summary judgment at the appropriate time.

**V.   CONCLUSION**

    For the foregoing reasons, Plaintiff's Motion will be denied and Defendant's Motion will be granted in part to the extent it seeks to vacate the entry of default, but denied in all other respects.  An appropriate order accompanies this opinion.

Date:   February   5th  , 2016

                                       s/ Noel L. Hillman
                                       NOEL L. HILLMAN, U.S.D.J.