UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KALPESH PATEL, | 1:15-cv-00004-NLH-JS |
| Plaintiffs, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| METASENSE, INC. and JOHN DOES 1-5 AND 6-10, | |
| Defendants. | |

**APPEARANCES**:

COSTELLO & MAINS, P.C.
Deborah L. Mains
18000 Horizon Way, Suite 800
Mount Laurel, New Jersey 08054
    Counsel for Plaintiff

PENBERTHY & PENBERTHY, PC
John C. Penberthy, III
2020 Springdale Road, Suite 400
Cherry Hill, New Jersey 08003
    Counsel for Defendant Metasense, Inc.

**HILLMAN**, United States District Judge:

    WHEREAS, on July 11, 2016, the parties participated in a settlement conference with the Magistrate Judge, during which conference they reached an agreement to settle the matter[1]; and

---

[1] The suit concerns alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA").  This Court exercises federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

1

WHEREAS, on August 23, 2016, the Court entered an Order of Dismissal, which provided: "This action be, and the same hereby is, DISMISSED without costs and without prejudice to the parties' right to reopen this action, within 60 days, if the settlement is not consummated" (Docket No. 22); and

WHEREAS, on August 26, 2016, Plaintiff filed a motion to reopen the case (Docket No. 23) because the settlement had not been consummated; and

WHEREAS, on September 23, 2016, Defendant filed a cross-motion to enforce the settlement (Docket No. 29); and

WHEREAS, the Court does not have jurisdiction to consider Defendant's motion to enforce the settlement because the Order of Dismissal did not make the settlement part of the record, see Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375, 378 (1994) (finding as a general rule that a federal district court does not retain jurisdiction to enforce a settlement agreement unless the court, typically as part of its order of dismissal, orders the parties to comply with the terms of the settlement agreement or incorporates terms of a settlement agreement explicitly retaining jurisdiction into one of its orders); Sawka v. Healtheast, Inc., 989 F.2d 138, 141-42 (3d Cir. 1993) (holding that "unless a settlement is part of the record, incorporated into an order of the district court, or the district court has manifested an intent to retain

jurisdiction, it has no power beyond the Rules of Civil Procedure to exercise jurisdiction over a petition to enforce a settlement"); Washington Hospital v. White, 889 F.2d 1294, 1298-99 (3d Cir. 1989) (stating "a district court does not have continuing jurisdiction over disputes about its orders merely because it had jurisdiction over the original dispute"); and

WHEREAS, Defendant's recourse for Plaintiff's alleged failure to abide by the terms of the settlement agreement is to either file a new action for breach of contract, see Sawka, 989 F.2d at 140 (assuming arguendo that a party breached the terms of the settlement agreement, "that is no reason to set the judgment of dismissal aside, although it may give rise to a cause of action to enforce the agreement"), or once the matter is reopened seek to assert a counterclaim for breach of the settlement agreement, see Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."); Patel v. Pandya, 2016 WL 3129615, at *1 (D.N.J. June 2, 2016) (explaining that Rule 15(a)(2) applies to the addition of counterclaims)[2];

THEREFORE,

---

[2] This Court takes no position as to which, if either or any, path Defendant should choose, and the Court does not opine on the merits of a motion for leave to assert such a counterclaim.

3

IT IS on this ___21st___ day of ___February___, 2017

ORDERED that the "MOTION to Reopen Case by KALPESH PATEL" [23] be, and the same hereby is, GRANTED; and it is further

ORDERED that the "First MOTION for Settlement enforce by METASENSE, INC." [29] be, and the same hereby is, DENIED.[3]


At Camden, New Jersey

          s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[3] Once the matter is reopened by the Clerk, the parties shall meet with the Magistrate Judge to determine whether court-assisted mediation will be helpful to resolving the parties' dispute.

4